FILED
JOHN P. HEHMAN
CLERK

2014 FEB 10 PM 3: 11

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**UNDER SEAL**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | CASE NO. CR2 - 14-32 |
| | JUDGE |
| AARON M. ROSENBERG | JUDGE SMITH |
| | 18 U.S.C. § 2 |
| | 18 U.S.C. § 371 |
| | 18 U.S.C. § 666(a)(2) |

## INFORMATION

**THE UNITED STATES ATTORNEY CHARGES:**

### INTRODUCTORY ALLEGATIONS

1.      The defendant, AARON M. ROSENBERG ("ROSENBERG"), was the Executive Vice President, Sales of COMPANY A.

2.      COMPANY A was a Delaware corporation with its headquarters located in Phoenix, Arizona.   COMPANY A's reported business focus was to enhance public safety through the use of technologies, such as red-light and speed photo enforcement solutions.   Among other things, COMPANY A operated photo enforcement systems in numerous cities in the United States and Canada, including several cities in the State of Ohio.

3.      CONSULTANT A was a consultant and lobbyist based in Columbus, Ohio.   From in or about 2005 through in or about February 2013, ROSENBERG and COMPANY A worked with CONSULTANT A in connection with business that COMPANY A was seeking to obtain or retain with municipalities in Ohio, including Columbus and Cincinnati.

4.     In each of the calendar years 2005, 2006, 2007, 2008, 2009, 2010, 2011, 2012 and 2013, the City of Columbus, Ohio received in excess of $10,000 from the United States government under Federal programs involving grants, subsidies, loans, guarantees, insurance, and/or other forms of assistance.

5.     In each of the calendar years of 2005, 2006, and 2007, the City of Cincinnati, Ohio received in excess of $10,000 from the United States government under Federal programs involving grants, subsidies, loans, guarantees, insurance, and/or other forms of assistance.

**COUNT ONE**

**CONSPIRACY TO COMMIT BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS AND HONEST SERVICES WIRE AND MAIL FRAUD (18 U.S.C. § 371)**

6.     The introductory allegations set forth in paragraphs 1 through 5 are realleged and incorporated by reference as though fully set forth herein.

**The Conspiracy**

7.     Beginning no later than the year 2005, and continuing through in or about February 2013, in the Southern District of Ohio, Eastern and Western Divisions, and elsewhere, the defendant, AARON M. ROSENBERG, together with others known and unknown, did knowingly and unlawfully conspire, confederate, and agree together and with each other:

2

a.      to corruptly give, offer, and agree to give, something of value to officials of the City of Columbus, who were agents of the government of the City of Columbus, with the intent to influence and reward those agents in connection with a business, transaction, or series of transactions of $5,000 or more of the City of Columbus, in violation of Title 18, United States Code, Section 666(a)(2);

b.      to corruptly give, offer, and agree to give, something of value to an official of the City of Cincinnati, who was an agent of the government of the City of Cincinnati, with the intent to influence and reward the agent in connection with a business, transaction, or series of transactions of $5,000 or more of the City of Cincinnati, in violation of Title 18, United States Code, Section 666(a)(2);

c.      to devise and intend to devise a scheme and artifice involving the concealment of material information to defraud and deprive the citizens of the City of Columbus and the City of Cincinnati of their right to the honest and faithful services of the elected officials of the City of Columbus and the City of Cincinnati, through bribery, in violation of Title 18, United States Code, Sections 1341, 1343, and 1346.

## Objects of the Conspiracy

8.      It was an object of the conspiracy for ROSENBERG and others to offer and provide things of value to elected public officials of the City of Columbus and the City of Cincinnati in the form of campaign contributions.

3

9. It was an object of the conspiracy for ROSENBERG and others to enrich themselves and COMPANY A and advance COMPANY A's business interests by providing campaign contributions to elected public officials in the City of Columbus and the City of Cincinnati in exchange for each elected public official agreeing to take, and thereafter taking, official acts to benefit ROSENBERG, COMPANY A, and others.

10. It was an object of the conspiracy to conceal and disguise the true nature and source of the campaign contributions that ROSENBERG, COMPANY A, and others provided to elected public officials in the City of Columbus and the City of Cincinnati through CONSULTANT A.

## Manner and Means

11. The conspiracy was carried out through the following manner and means, among others:

      a.     ROSENBERG and others executed the conspiracy by agreeing to provide campaign contributions to elected public officials in the City of Columbus and the City of Cincinnati, in return for the elected public officials agreeing to take, and actually taking, official acts on behalf of COMPANY A to obtain or retain municipal contracts. The elected public officials received and attempted to receive COMPANY A's campaign contributions by soliciting CONSULTANT A, who then conveyed these solicitations to ROSENBERG and COMPANY A.

      b.     ROSENBERG and others also executed the conspiracy by using CONSULTANT A to funnel conduit or pass-through campaign contributions from COMPANY A to the elected public officials. After

4

CONSULTANT A conveyed the campaign contribution requests to ROSENBERG, ROSENBERG coordinated the payments by COMPANY A to CONSULTANT A.   The payments by COMPANY A to CONSULTANT A were often made pursuant to an invoice for "consulting services" or a Memorandum of Understanding for a "success fee."

c.      In return for campaign contributions that the elected public officials received and attempted to receive, the elected public officials agreed to perform, attempted to perform, and actually performed official acts that benefitted ROSENBERG and COMPANY A, including but not limited to the following: (1) obtaining a photo red light enforcement contract with the City of Columbus in or about 2005; (2) extending the contract in or about 2009; (3) modifying, extending, and expanding the contract in or about 2010; and (4) attempting to obtain a photo red light enforcement contract with the City of Cincinnati in between 2005 and 2008.

### Overt Acts

12.     In furtherance of the conspiracy, and to effect its objects and purposes, AARON M. ROSENBERG, and others, committed the following overt acts, among others, in the Southern District of Ohio, Eastern and Western Divisions, and elsewhere:

a.      On or about September 24, 2007, CONSULTANT A sent an e-mail to ROSENBERG, conveying contribution requests, totaling $30,000, for the campaigns of certain officials in the City of Columbus and the City of Cincinnati.   CONSULTANT A explained to ROSENBERG how each

5

elected official was "supportive" and "necessary" in Columbus or "leading the charge in Cincinnati."

b.   On or about October 9, 2007, ROSENBERG (copying employees of COMPANY A) sent an e-mail to CONSULTANT A, expressing concern about the $30,000 amount and asking, "What is the minimum you would recommend, that would still get us recognition and keep you (and us) in good graces?"

c.   On or about October 9, 2007, during an internal discussion of the $30,000 amount, a COMPANY A executive sent an e-mail to ROSENBERG and another COMPANY A employee stating, in part:   "WOW that is a big handout.   Is this how our local city handles campaign financing - now I understand the "order of protection" for our friends".

d.   On or about October 12, 2007, CONSULTANT A provided an invoice to COMPANY A for $30,000 for "Consulting Services."   COMPANY A paid the invoice on or about the same day.

e.   Between on or about October 17, 2007, and on or about November 23, 2007, CONSULTANT A made campaign contributions in CONSULTANT A's own name.   CONSULTANT A also paid others who made campaign contributions in their own names.

f.   In or around mid-October 2009, CONSULTANT A sent ROSENBERG an invoice (dated October 12, 2009) for $5,000.   When CONSULTANT A

6

had not received the payment by October 21, 2009, CONSULTANT A had

the following e-mail exchange with ROSENBERG:

**CONSULTANT A:** **Need to know if or when the package has been sent.   they are all over me.   Less than two weeks out.   Please advise**

**ROSENBERG:** **I am working on it - It is not easy to ask for these out of cycle.   I have been obliged historically, but governance is hammering me.   Working on it. . . .   Please hang in there.**

**CONSULTANT A:** **I need a timeline to tell them.   Time is running out for them.**

**ROSENBERG:** **What is the absolute deadline?   This is more critical.**

**CONSULTANT A:** **As I told you earlier they are less than two weeks out.   Anything after this will be a major problem at this end**

**ROSENBERG:** **I will keep trying.   It aint easy, you know I have been back to that well many, many times over the years. . . .   I will remain confident.**

**CONSULTANT A:** **If you can't get it here this week I will have to take [COMPANY A] off the list and then I will lose control of any timelines**

     g.    On or about October 22, 2009, ROSENBERG forwarded CONSULTANT

A's request to a COMPANY A executive for payment.

     h.    On or about October 22, 2009, COMPANY A paid CONSULTANT A

$5,000, with ROSENBERG sending an e-mail to CONSULTANT A

stating: "The check is going out in FedEx today.   All good?"

CONSULTANT A sent an e-mail replying, "I'm here w/[elected public

official in Columbus].   He [elected public official in Columbus] says

THANKS.   Will call later[.]"

7

i.       On or about October 23, 2009, CONSULTANT A made a $5,000 contribution to the Franklin County Democratic Party.

j.       On or about September 21, 2011, ROSENBERG received an e-mail from the campaign of an official in the City of Columbus, discussing a possible $20,000 contribution. The e-mail, sent from a campaign representative, references a prior conversation the same date between ROSENBERG and the elected public official.

k.       On or about October 6, 2011, CONSULTANT A provided a $20,000 invoice to COMPANY A for a "success fee" concerning an extension of the City of Columbus's photo red light program.

l.       On or about October 14, 2011, COMPANY A provided CONSULTANT A with a $20,000 payment.

m.       On or about October 21, 2011, CONSULTANT A contributed $20,000 to the Ohio Democratic Party.

All in violation of 18 U.S.C. § 371.

## COUNT TWO

### BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS
### (18 U.S.C. §§ 666(a)(2) and 2)

13.     The introductory allegations set forth in paragraphs 1 through 5 and 12 are realleged and incorporated by reference as though fully set forth herein.

14.     Between approximately in or about 2005 and in or about Febreaury, 2013, in the Southern District of Ohio, Eastern Division, and elsewhere, the defendant, AARON M. ROSENBERG, did knowingly and corruptly give, offer, and agree to give, something of value to

8

officials of the City of Columbus, who were agents of the government of the City of Columbus,

intending to influence and reward the agents in connection with a business, transaction, or series of

transactions of $5,000 or more of the City of Columbus.

All in violation of 18 U.S.C. §§ 666(a)(2) and 2.


CARTER M. STEWART
United States Attorney


BRENDA S. SHOEMAKER
Financial Crimes Chief
Assistant United States Attorney