EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNDER SEAL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. |
| | : | |
| Plaintiff, | : | Judge: |
| | : | |
| vs. | : | 18 U.S.C. §§ 371, 666(a)(2) and 2 |
| | : | |
| AARON M. ROSENBERG, | : | |
| | : | |
| Defendant. | : | |

## PRETRIAL DIVERSION AGREEMENT

1)  Whereas it appears that no later than the year 2005 and continuing until in or about February 2013, in the Southern District of Ohio, Eastern Division, and elsewhere, you committed the offenses of:  (1) Conspiracy to Commit Bribery and Honest Services Wire Fraud, in violation of Title 18, United States Code, Section 371; and (2) Bribery Concerning Programs Receiving Federal Funds, in violation of Title 18, United States Code, Sections 666(a)(2) and 2.

2)  Whereas after an investigation of these offenses and your background, it further appears that your interests, those of the United States, and the interests of justice, will be serviced by your participation in the Department of Justice's Pretrial Diversion Program.

3)  Upon your accepting responsibility for your behavior and by signing this Agreement, the Plea Agreement, and the accompanying Statement of Facts, prosecution of this offense shall be deferred for a period of 12 months from the date you enter the diversion program, provided that during that time you abide by the conditions and requirements of the program set out below.

4) Should you violate these terms, the United States Attorney may do the following:

a)    Revoke or modify any conditions of the Pretrial Diversion Program;

b)    Initiate prosecution for these offenses, before or after the above date, in which case the United States Attorney will furnish you with notice specifying the conditions of your program which you violated.

5) If, upon completion of your period of diversion supervision, you have complied with all the rules, regulations, and conditions of your supervision, then prosecution for the offenses set out above will be terminated, and no other prosecution for any other offense arising from the circumstances of this case set forth in the Information will be instituted in this district. Furthermore, your guilty plea shall be withdrawn, and the government will then move to dismiss the Information pending in this case.

6) Neither this agreement nor any other document filed with the United States as a result of your participation in the Pretrial Diversion Program will be used against you, except for impeachment purposes, in connection with a prosecution for the above-described offenses. This agreement and other documents filed with the United States as a result of your participation in the Pretrial Diversion Program may be used against you in a separate criminal prosecution for any violations pursuant to Title 18, United States Code, Section 1001, for giving a false statement. Nothing in this agreement shall pertain to, or impact in any fashion, your rights or obligations in the Northern District of Illinois. The United States Attorney's Office for the Northern District of Illinois is not a party to this agreement.

2

## STANDARD CONDITIONS

7)  You shall not violate any law (Federal, state, or local). You shall contact your United States Pretrial Services Officer if you are arrested and/or questioned by any law enforcement officer within 48 hours, except as set forth in paragraph 4, below.

8)  You shall endeavor to attend school or work regularly at a lawful occupation or otherwise comply with the terms of any special conditions described herein and keep your United States Pretrial Services Officer informed of your whereabouts. When your work, school, or travel status changes you shall notify your United States Pretrial Services Officer within 24 hours of when you have information that the status quo is going to change. You shall consult with your United States Pretrial Services Officer prior to changing employment. To the extent your current job requires travel within the United States; in relation to such travel, you shall advise your United States Pretrial Services Officer, in advance of travel dates, of the purpose and itineraries for such travel.

9)  You shall continue to live at your current address and provide said address to your Pretrial Services Officer. If you intend to move from this address, you shall inform your United States Pretrial Services Officer for the appropriate transfer of supervision. The United States Attorney for the Southern District of Ohio must approve all requests for relocation outside the district prior to relocation.

10) You shall follow the special condition(s) of the Program:

    a.  You shall report to your United States Pretrial Services Officer as directed, and keep him/her informed of your whereabouts at all times.

3

b. You shall strive to achieve the described goals of the Pretrial Diversion Program, and you shall follow the instructions of your United States Pretrial Services Officer.

c. You shall cooperate fully with the United States by:

  i. providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the United States, whether in interviews, before a grand jury, or at any trial or other court proceeding;

  ii. waiving your right to have counsel present at all debriefings by law enforcement agents and government attorneys in order to facilitate your cooperation. You may revoke this waiver at any time by a specific request or through your counsel without affecting the terms and enforceability of this agreement;

  iii. appearing at such grand jury proceedings, hearings, trials, depositions, and other judicial proceedings, and at meetings, as may be required by the United States continuing through any period of probation;

  iv. if requested by the United States, working in an undercover role to contact and negotiate with others suspected and believed to be involved in criminal misconduct under the supervision of, and in compliance with, law enforcement officers and agents; and

  v. agreeing to cooperate with the government even after you have completed the diversion program; your failure to cooperate pursuant to the terms of this agreement after completing the diversion program shall constitute a breach of this agreement.

4

## SPECIAL CONDITIONS

11) You shall support your legal dependents to the best of your ability;

12) You shall perform at least 10 hours of community service each month of the one year (12 month) program, without remuneration, at such charity or civil organization(s) approved by the pretrial diversion supervisor. You shall provide the supervisor written verification of such community service as directed;

13) You shall be placed in a period of home confinement with a curfew with random inspections and telephone verification for a period of three months at the start of the one year (12 months) Pretrial Diversion supervision. During the period of home confinement, defendant will not be required to wear an ankle bracelet, use a gps system or the like, but will have his location monitored by Pre-trial by using periodic phone calls or visits to ensure compliance with the schedule set up by pretrial with defendant. During this period of home confinement, you will be allowed to participate in routine travel associated with employment, including out of state travel that is part of employment, child rearing responsibilities, necessary personal errands or religious services, however only pursuant to a schedule and guidelines arranged with your Pretrial Services Officer. Other than for matters where prior specific permission of his pre-trial officer has been received, defendant will be at home.

14) You shall submit to having your fingerprints taken and sent to the Federal Bureau of Investigation (FBI), as requested by the program supervisor.

15) You shall submit to at least 10 hours of training through the California Fair Political Practices Commission (FPPC) website. The State of California has mandated ethics training for officials. The FPPC has oversight for the training. Said training will include the orientation

5

course for state officials available through the FPPC and a course for lobbyists. These courses are available on an in-person basis in Southern California.

## CONCLUSION

16) In concluding this Agreement, I, Aaron M. Rosenberg, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Title 18, United States Code, Section 3162, and Rule 48(b) of the Federal Rules of Criminal Procedure provide that the court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the grand jury, filing an information, or bringing a defendant to trial. I hereby request that the United States Attorney for the Southern District of Ohio defer any prosecution of me for violation(s) of Title 18, United States Code, Sections 371, 666(a)(2), and 2, for a period of 12 months, and to induce the United States Attorney to defer such prosecution, I agree and consent that any delay from the date of this Agreement to the date of the initiation of the prosecution, as provided for in the terms expressed herein, shall be deemed to be necessary delay at my request, and I waive any defense to such prosecution on the grounds that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure, the Speedy Trial Act, and the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of time this Agreement is in effect. Furthermore, I agree, in the event this Deferred Prosecution Agreement does not proceed, to waive and to suspend the running of the statute of limitations for any legal action the federal government might initiate, criminal or civil, arising from any conduct related to the conduct in the Bill of Information, for which I might be responsible committed during and after the year 2005 and that the federal government will not be barred

6

from bringing any legal action under federal law for conduct described in the Bill of Information that was committed anytime during or after the year 2005. The parties agree that it is in their individual and mutual interests to enter into this agreement so that I may continue to cooperate in the government's investigation of my former employer, and so that I can pursue the within Deferred Prosecution Agreement.

(7)  I hereby state that the above has been read and explained to me.  I understand the conditions of my Pretrial Diversion Program and I agree to comply with them.

CARTER M. STEWART
United States Attorney

_____          _____
J. MICHAEL MARCUS                          Date
Assistant United States Attorney
EDWARD P. SULLIVAN
Trial Attorney, Public Integrity Section
Criminal Division
U.S. Department of Justice

U.S. PRETRIAL SERVICES OFFICER            _____
                                           Date

_____          _____
AARON M. ROSENBERG                         Date
Signature of Divertee

_____          _____
THOMAS J. BIENERT, JR                      Date
Counsel for Divertee
Bienert, Miller & Katzman, PLLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673